Eastern District of Kentucky
FILED

MAY 0 4 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 05-26-KSF
(Civil Action No. 06-372-KSF)

UNITED STATES OF AMERICA,                                                    PLAINTIFF

V.                              **PROPOSED FINDINGS OF FACT
                                 AND RECOMMENDATION**

JOSE RAMON UGARTE-MALDONADO                                       DEFENDANT

* * * * * *

## I. INTRODUCTION

This matter is before the court on the motion of defendant Jose Ramon Ugarte-Maldonado ("Ugarte-Maldonado"), *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on July 29, 2005. This motion has been fully briefed and is ripe for review.

By standing order of the District Court this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 3, 2005, a federal grand jury returned a six-count indictment against Ugarte-Maldonado and co-defendants Jose Guerro Ugarte-Maldonado, Estaban Baldonado, and Tomas Perez-Ortega. Movant Ugarte-Maldonado was charged in all counts of the indictment, except for Count 5. Count 1 thereof charged that on or about September 1, 2004, and continuing through on or about February 3, 2005, all defendants conspired to knowingly and intentionally distribute fifty (50) grams of methamphetamine, and 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and that all defendants conspired to knowingly and intentionally possess with intent to distribute fifty (50) grams of methamphetamine, and 500 grams or more of a mixture of substance containing a detectable amount

of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1), 846; Count 2 thereof charged that on or about September 1, 2004, and continuing through on or about February 3, 2005, all defendants conspired to knowingly and intentionally distribute five (5) kilograms or more of a mixture of substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and that all defendants conspired to knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture of substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1), 846; Count 3 charged that on or about October 24, 2004, Ugarte-Maldonado and defendant Tomas Perez-Ortega, aided and abetted by others, did knowingly and intentionally distribute a mixture of substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2; Count 4 charged that on or about January 21, 2005, Ugarte-Maldonado did knowingly possess an identification document that was and appeared to be an identification document of the United States, *viz.,* a Social Security Card, which was produced without lawful authority, knowing that the document had been produced without such authority, all in violation of 18 U.S.C. §§ 1028(a)(6) and 1028(b)(6); and Count 6 was a forfeiture count, seeking the forfeiture of $8,049.00 in United States Currency, pursuant to 21 U.S.C. § 853.

Thereafter, on March 4, 2005, a federal grand jury returned a superseding, six-count indictment against Ugarte-Maldonado and co-defendants Jose Guerro Ugarte-Maldonado, Estaban Baldonado, Tomas Perez-Ortega, Bobby Rogers, and Kenneth Ray Branham. The purpose of the superseding indictment was to name two additional defendants to this action, Bobby Rogers and Kenneth Ray Branham; the charges against Ugarte-Maldonado in the superseding indictment were the same as they were in the original indictment.

Initially, Ugarte-Maldonado pled not guilty to these charges, and this matter was scheduled for trial on May 18, 2005. However, prior to trial, Ugarte-Maldonado entered into plea negotiations with the United States, resulting in a plea agreement wherein he agreed to plead guilty to Counts 1

2

and 2 of the superseding indictment. His Plea Agreement was filed of record, and the court accepted his guilty plea thereto. [DE #76].

On July 29, 2005, Ugarte-Maldonado was sentenced and received concurrent 105-month sentences of imprisonment on Counts 1 and 2, to be followed by concurrent five-year terms of supervised release on Counts 1 and 2. [DE #129]. At sentencing, on oral motion of the United States, Counts 3 and 4 of the superseding indictment and all counts of the original indictment were dismissed against Ugarte-Maldonado.

No direct appeal was filed.

### III. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On November 3, 2006, Ugarte-Maldonado filed the present § 2255 motion, asserting that his conviction was obtained "by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge." § 2255 Petition, p. 5 [DE #153].

In response to defendant's § 2255 motion, the United States asserts that Ugarte-Maldonado's § 2255 motion should be dismissed because it is time-barred.

### Analysis

### The Statute of Limitations for § 2255 motions

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") became effective. Among its provisions are certain amendments to 28 U.S.C. § 2255, which essentially impose certain time limitations for the filing of § 2255 motions. Under the prior version of § 2255, the statute provided that "A motion for such relief may be made at any time." Section 2255 now reads in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Under paragraph (1) of the foregoing statute, it is clear that Ugarte-Maldonado's § 2255 motion would be time-barred, since Ugarte-Maldonado's conviction became final on or about August 8, 2005,[1] and the present § 2255 motion was not filed until November 3, 2006, more than one (1) year after his conviction became final.

## IV. CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside sentence, for the reasons previously stated, the Magistrate Judge concludes that the motion of the United States to dismiss Ugarte-Maldonado's § 2255 motion should be granted and that Ugarte-Maldonado's § 2255 motion should be denied and dismissed as time-barred.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of the United States to dismiss defendant Jose Ramon Ugarte-Maldonado's § 2255 motion [DE #155] be **GRANTED**, and that the motion of defendant Jose Ramon Ugarte-Maldonado, filed under § 2255, to vacate, correct, or set aside sentence [DE #153] be **DENIED** as untimely filed.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court

---

[1] Ugarte-Maldonado was sentenced on July 29, 2005, and filed no direct appeal; therefore, his conviction became final 10 days after judgment was entered. *See, United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002).

4

of Appeals.  28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  Fed.R.Civ.P 72 (b).

This ___4th___ day of May, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE